UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

AKLEEMA KHAN,

                            Plaintiff,

      -against-

PORT WASHINGTON HOSPITALITY LLC d/b/a
NINO'S BEACH, NINO AQ LLC d/b/a NINO'S
AQ, 46th STREET HOSPITALITY, INC. d/b/a
NINO'S 46, FILLAS RESTAURANT GROUP,
LLC, VENDOME HOSPITALITY GROUP, LLC,
EVP HOSPITALITY, INC., FRANCO VENDOME,
MICHAEL VENDOME, GENNARO VENDOME,
CHRISTOPHER FILLAS, ELIAS FILLAS, and
EFTHIMIOS PAPANASTASOPOULOUS,

                        Defendants.
------------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
24-CV-1064(JMA)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this wage and hour action pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 *et seq.*, and New York Labor Law

("NYLL"), §§ 652 *et seq.* and §§ 191 *et seq.* are several motions.  The first is Plaintiff

Akleema Khan's ("Khan" or "Plaintiff") motion for conditional certification of a

collective action pursuant to 29 U.S.C. § 216, *see* Docket Entry ("DE") [94], which

Defendants oppose.  DE [106], [107].  The second is Plaintiff's motion seeking, *inter*

*alia*, class discovery from Defendant Port Washington Hospitality LLC ("PWH") for

purposes of its purported class action pursuant to Rule 23 of the Federal Rules of

Civil Procedure ("Fed. R. Civ. P."), DE [99], which Defendants also oppose.  DE [100].

Since filing those motions, the parties have submitted various additional discovery

1

motions that are addressed herein. *See, e.g.*, DE [99], [102]. For the reasons set forth below, Plaintiff's motion for conditional certification, DE [94], is denied and her motion for class discovery, DE [99], is granted.[1] A further status conference to address outstanding discovery issues is scheduled for October 21, 2025 at 10:45 a.m. in Courtroom 820 of the Central Islip courthouse.

## I.    BACKGROUND

Defendant PWH is a limited liability company that owns and operates three restaurants in New York City and on Long Island: (1) Nino's Beach in Port Washington, New York ("Nino's Beach"); (2) Nino's AQ in Queens, New York ("Nino's AQ"); and (3) Nino's 46 in Manhattan, New York ("Nino's 46" and, collectively, the "PWH Restaurants"). *See* Amended Complaint ("Am. Compl."), DE [84], ¶¶ 6-9. Plaintiff alleges that the PWH Restaurants operated as a "single integrated enterprise" as they share common ownership, interrelation of operations, centralized control of labor relations, and common management. *Id.* at ¶ 11.

From approximately April 2022 until March 2023, Plaintiff worked as a bartender and server at Nino's Beach, while also occasionally working at Nino's AQ as needed. *Id.* at ¶¶ 45-46. Khan alleges that Defendants committed various wage and hour violations under both the FLSA and NYLL, including failure to compensate for the state-mandated spread of hours premium, failure to provide a wage notice and wage statements, failure to provide meal credits, and various illegal tip practices. *Id.*

---

[1] At DE [99] and DE [102], Plaintiff seeks duplicative relief for which she seeks in her motions for class discovery. *See* DE [94]. All motions are addressed simultaneously. `

at ¶¶ 48-50.  She asserts these claims on behalf of herself and, pursuant to Fed. R.

Civ. P. 23, seeks to represent a class that includes:

> all non-exempt employees (including but not limited to servers, bussers, food runners, bartenders, barbacks, line cooks, cooks, chefs, porters, hosts, among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein.

*Id.* at ¶ 36.  In the instant motions, Plaintiff seeks to certify a collective action and

seeks discovery to assist her in identifying members of the putative collective and

class.

## II.    LEGAL STANDARD

The FLSA permits employees to maintain a collective action "for and [o]n

behalf of . . . themselves and other employees similarly situated."  29 U.S.C. § 216(b).

Courts in the Second Circuit apply a two-step analysis to determine whether a

collective action under Section 216(b) of the FLSA should be certified.  *Myers v. Hertz

Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010).  First, the Court evaluates whether the

proposed class members are "similarly situated" to the named plaintiff.  *See Rodolico

v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001).  If the Court finds that the

putative collective members are sufficiently similarly situated, the action will be

conditionally certified and each class member may then consent in writing to "opt-in"

to the litigation.  *Id.*  (citing 29 U.S.C. § 216(b)).

In determining whether the collective members are similarly situated, the

critical inquiry is "not whether plaintiff's job duties are identical to other potential

opt-in named plaintiffs, but rather, whether the named plaintiffs are similarly

situated . . . with respect to their allegations that the law has been violated."  *Knox v.*

*John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 656 (S.D.N.Y. 2017) (internal quotation marks and citation omitted). The second step generally occurs following completion of discovery and requires examination of the evidentiary record to ascertain whether the opt-in plaintiffs are, in fact, similarly situated. *See Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009). The instant motion only concerns the first step of the conditional certification process.

At the conditional certification stage, "the evidentiary standard is lenient." *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 58 (E.D.N.Y. 2011); *see Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (holding that a plaintiff seeking conditional certification "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law") (internal quotation omitted); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("The burden for demonstrating that potential plaintiffs are similarly situated is very low at the notice stage.") (internal quotation omitted). For purposes of conditional certification of a collective, a movant is not required to establish an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential Named Plaintiffs." *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (quoting *Wraga v. Marble Lite, Inc.*, No. 05-CV-5038(JG)(RER), 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)); *see Vasquez v. Vitamin Shoppe Indus., Inc.*, No. 10 Civ. 8820(LTS)(THK), 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011) ("Courts will certify broad classes where there is some showing that all members of

4

the putative class performed the same duties . . . or that the employer had uniform company-wide employment practices.") (internal citation omitted).

The determination of whether to certify a collective is typically based on the pleadings and declarations submitted in support of the motion. *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014) ("[C]ourts in the Second Circuit routinely grant conditional certification for overtime claims based on the statements of the named plaintiff(s) and other supporting affidavits."); *see Klimchak v. Cardrona, Inc.,* No. 09-CV-4311(SJF)(ARL), 2011 WL 1120463, at *4-6 (E.D.N.Y. Mar. 24, 2011) (granting conditional certification at the initial stage of discovery where the two named plaintiffs and two opt-in plaintiffs submitted affidavits); *Schwerdtfeger v. Demarchelier Mgmt., Inc.,* No. 10 Civ. 7557(JGK), 2011 WL 2207517, at *3 (S.D.N.Y. June 6, 2011) (granting conditional certification for overtime, minimum wage and tip violations at the defendants' restaurants based on declarations from named plaintiffs and opt-ins); *Lujan v. Cabana Mgmt., Inc.,* No. 10-CV-755(ILG), 2011 WL 317984, at *4 (E.D.N.Y. Feb. 1, 2011) (granting conditional certification, where "[t]he employees' declarations articulate[d] a number of FLSA violations common to all three of the New York locations"). As to the level of proof required, Courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Fed. R. Civ. P. 23. *Mendoza v. Little Luke, Inc.*, No. 14-CV-3416(JS)(AYS), 2015 WL 5918580, at *4 (E.D.N.Y. Oct. 9, 2015 (quoting *Rodolico,* 199 F.R.D. at 481).

## III.    DISCUSSION

### A.    <u>Motion for Conditional Certification</u>

#### 1.    <u>Conditional Certification is Not Appropriate</u>

Plaintiff's allegations in the Complaint and in her Declaration are insufficient to demonstrate that Plaintiff and the potential members of the collective "were victims of a common policy or plan that violated the law" sufficient to conditionally certify a collective action. *Gonzalez v. Wicked Taco LLC*, 764 F. Supp. 3d 77, 95 (E.D.N.Y. 2025). Plaintiff states that Defendants paid her $10.00 for regular hours and $17.50 for overtime hours, and that other employees "were also paid at similar rates based on the conversations [she] had with them," although she does not state the exact rate of other employees' rates of pay. Khan Decl. ¶ 6. Khan describes her schedule and number of hours worked, but does not provide credible information for other employees other than vaguely asserting that they "also worked off the clock above and beyond their scheduled shifts but were not paid for their time." *Id.* at ¶¶ 7-8. In support of her motion, Khan submits a document titled "Employee Hours No Pay, No Tips." DE [96-12]. It lists, among other things, the dates on which she worked and the number of hours she worked. *Id.* It does not list the pay she received, nor does she submit similar records for any other employee with whom she claims to have spoken. *Id.*

Plaintiff further asserts that she "primarily worked at Nino's Beach" but "also worked at Nino's AQ, on an as needed basis." Khan Decl. ¶ 4. Defendants "regularly transferred other employees and managers across the different Restaurants on an as

6

needed basis, depending on how busy the Restaurants were." *Id.* Khan asserts that, "based on [her] work experience, personal observations, and conversations with her co-workers," she knows that "all employees were treated the same and were not paid all of our proper wages." *Id.* at ¶ 5. She does not offer a single specific substantive fact concerning another employee who was allegedly treated similarly to her.

Moreover, of the nine individuals with whom Plaintiff claims she spoke regarding Defendants' pay practices, she provides the last name of only one. *Id.* This, alone, is not fatal to her motion for conditional certification. *See Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 324 (E.D.N.Y. 2016) ("[T]he fact that Plaintiff has identified potential class members only by first name and has not identified an entire opt-in class is not fatal to his motion for conditional certification."); *Mendoza v. Little Luke, Inc.*, No. 14-CV-3416(JS)(AYS), 2015 WL 5918580, at *8 (E.D.N.Y. Oct. 9, 2015) ("[T]he fact that identification of potential class members by only first name is not fatal to the motion.").

Nevertheless, Plaintiff's failure to credibly establish commonality between herself and other putative members of the collective renders conditional certification inappropriate. *Reyes Cruz v. 70-30 Austin St. Bakery Inc.*, No. 18 Civ. 7408(PAE)(HBP), 2019 WL 1929910, at *3 (S.D.N.Y. May 1, 2019) (denying motion for conditional certification where the plaintiff only submitted an affidavit from himself in which he described conversations he had with colleagues identified by first name only); *Mata v. Foodbridge LLC*, No. 14 Civ. 8754(ER), 2015 WL 3457293 at *3-4 (S.D.N.Y. June 1, 2015) (denying conditional certification where the plaintiff only

offered his own affidavit in which he claimed wage violations based on unspecified "observations and conversations"); *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264(KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying conditional certification based on the plaintiff's sole affidavit in which he alleged a "common practice" at all of defendant's restaurants based on his "observations and conversations with other employees" who the plaintiff identified only by first names because such an affidavit merely amounted to "a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint"). To this end, "[w]hile courts have granted conditional certification 'based solely on the personal observations of one plaintiff's affidavit,' that plaintiff must assert specific facts or observation[s] from which a court can deduce that there are indeed others who are similarly situated." *Lomonosov v. Hennessy Park Mgmt., LLC*, No. 22-CV-5522(LDH)(RER), 2023 WL 5831165, at *3 (E.D.N.Y. Sept. 8, 2023) (quoting *Hernandez v. Bar Burger Dio Inc.*, No. 12 Civ. 7794(RWS), 2013 WL 3199292, at *3-4 (S.D.N.Y. June 25, 2013)).

Khan offers no such facts or allegations here. Instead, she asserts facts concerning her own work schedule and rate of pay, and simply states, without further specifics, that she has "spoken with a number of employees of the Restaurants regarding [their] wages." Khan Decl. ¶ 5. Without offering any specifics regarding number of hours worked or rates of pay, Khan claims that she "know[s] that all employees were treated the same and were not paid all of [their] proper wages." *Id.* This is insufficient to certify a collective. *Lomonosov*, 2023 WL 5831165, at *2

8

(denying motion to conditionally certify collective action where the plaintiff made "detailed allegations regarding his own work conditions, but regarding other plaintiffs, he only state[d] 'I've spoken to other employees and it is my understanding they have similar experiences'"); *Prizmic v. Armour, Inc.*, No. 05-CV-2503(DLI)(MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (denying motion for conditional certification where the "plaintiff ma[de] only general allegations in his complaint that he and other[s] . . . were denied overtime compensation").

Although the standard for conditional certification of a collective action is minimal, it is not automatic. *Reyes Cruz*, 2019 WL 1929910, at *3 ("[A]lthough the standard of proof at the first step is low, it 'cannot be satisfied simply by unsupported assertions.'") (quoting *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)).  Ultimately, Plaintiff has failed to plausibly establish that other members of the proposed collective are similarly situated to her.  Accordingly, Khan's motion for conditional certification is denied without prejudice.

2.    Discovery Related to Conditional and Class Certification is Appropriate

Despite the holding above, discovery related to conditional certification of a collective, as well as class certification pursuant to Fed. R. Civ. P. 23, is appropriate. Plaintiff seeks "a list of all Covered Employees in Excel format who were employed by Defendants at any point in the six years prior to the filing of the Complaint with the following information:  names, titles, compensation rates, last known mailing address, email address, all known telephone numbers and dates of employment." *See* Plaintiff's Memorandum of Law in Support of Motion to Certify Collective Action

("Pl.'s Conditional Certification Mem."), DE [95], at 21-23.   Defendants do not plausibly refute that discovery regarding alleged members of the proposed collective is appropriate.   *See* Defendants' Opposition to Plaintiff's Motion for Conditional Certification ("Defs.' Conditional Certification Opp'n"), DE [100], at 24 (citing *Taveras v. PSD Freeport Inc.*, No. 19-CV-6243(MKB)(RER), 2021 WL 1405994, at *7 (E.D.N.Y. Apr. 14, 2021) ("In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members.").

Relevant here, "[w]hen conditional certification is denied, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in." *Lomonosov*, 2023 WL 5831165, at *3 (internal quotation omitted); *Becerra v. IM LLC-I*, No. 14-CV-2671(ADS)(ARL), 2016 WL 8968978, at *6 (E.D.N.Y. Feb. 20, 2016) ("[B]ased on the remedial purpose of the FLSA and a court's broad power to authorize discovery in an FLSA action, courts have often denied motions for conditional certification without prejudice and granted plaintiffs leave to re-file the their motions after they have had a chance to obtain discovery from other potential opt-in plaintiffs.").

Although Plaintiff has failed to establish that conditional certification is presently appropriate, the Court does not conclude that certification pursuant to 28 U.S.C. § 216(b) is impossible.   Accordingly, applying these standards, Plaintiff's motion seeking discovery related to conditional certification of a collective action is granted.  *Lomonosov*, 2023 WL 5831165, at *3; *Becerra*, 2016 WL 8968978, at *6.

Plaintiff is instructed to serve discovery requests consistent with this Order to obtain identifying information of potential members of the proposed collective by September 30, 2025.

Moreover, Plaintiff is also entitled to discovery related to her putative Fed. R. Civ. P. 23 class action, most of which will satisfy both motions. While the standards between a collective action and a Rule 23 class action differ, the Court's analysis described above stands. *See Fulton v. City of New York*, No. 20-CV-144(WFK)(MMH), 2023 WL 130826, at *2 (E.D.N.Y. Jan. 9, 2023) ("Discovery related to a class action is appropriate even before the class has been certified."). To this end, as the analysis for class certification is more rigorous, "pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate in light of the requirements set out in Rule 23." *Id.*; *see Charles v. Nationwide Mut. Ins. Co.*, No. 09-CV-94(ARR), 2010 WL 7132173, at *4 (E.D.N.Y. May 27, 2010) ("When, as here, a party seeks to certify a class under Rule 23, pre-certification discovery 'is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate.'") (quoting *Rahman v. Smith & Wollensky Rest. Grp.*, No. 06-CV-6198(LAK)(JCF), 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007). The Court has wide discretion as to whether to compel the production of names and contact information at the pre-certification stage. *Hatch v. Reliance Ins. Co.*, 758 F.3d 409, 414 (9th Cir. 1985). Accordingly, Plaintiff is granted leave to seek the names and contact information of prospective Fed. R. Civ. P. 23 class members to the extent stated above. Any remaining disputes

regarding putative class members or corresponding pay records will be addressed at the October 21, 2025 status conference.

### B.    **Remaining Discovery Issues**

#### 1.    Deposition of Corporate Representative

Plaintiff asserts that PWH has failed to provide the identity of a Fed. R. Civ. P. 30(b)(6) representative and offer potential dates to conduct the deposition of the corporate representative.  DE [76] at 3.  In its opposition, PWH states that it is "currently examining the Plaintiff's 30(b)(6) deposition notice," and that it "will inform the Plaintiff of the corporate representative who will address the areas relevant to her claims."  DE [78].  The record does not reflect whether PWH has adhered to its representation or whether a Rule 30(b)(6) has taken place.

Plaintiff is entitled to depose a corporate representative of PWH.  Fed. R. Civ. P. 30(b)(6); *Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation ***must*** produce someone familiar with that topic.") (emphasis added).  While the Court presumes that the parties have resolved this issue considering the September 30, 2025 deadline to complete discovery at the time the motion was filed, the Court will re-address the status of the Rule 30(b)(6) deposition at the upcoming October 21, 2025 status conference with the expectation that it has been completed.  Accordingly, the Court defers ruling on this portion of Plaintiff's motion.

2.    ESI

Plaintiff objected to Defendants' refusal to agree to an ESI protocol.  Khan asserts that "PWH objected and refused to provide any ESI at all."  DE [76] at 3.  In response, PWH states that it "has conducted a thorough review of its systems and devices" and has "produced over a hundred responsive documents."  DE [78] at 4.  PWH further represents that it will supplement its production "should additional responsive documents become known," but denies that it is "under an obligation to enter into an ESI search protocol."  *Id.*  Even following submission of its motion, Plaintiff has not identified any discovery demands to which Defendants have failed to provide an adequate response.  Considering Defendant's discovery obligations arising under Fed. R. Civ. P. 26, as well as PWH's representation that it has produced, and will continue to produce as necessary, responsive documents, the motion is denied without prejudice and with leave to renew in the event there are legitimate bases to question the adequacy of Defendants' document production.  Any such disputes may be raised, and will be addressed, at the October 21, 2025 status conference.

3.    Motion to Compel Depositions

Finally, in her most recent motion, DE [118], Khan seeks to compel the completion of depositions by September 17, 2025.  She further seeks to extend the deadline to complete discovery by 90 days.  *Id.*  Defendants do not substantively oppose the motion to compel insofar as Plaintiff seeks depositions, nor do they "oppose a reasonable extension of the discovery deadline to allow for completion of

outstanding discovery and coordination of depositions." DE [119].  Defendants assert that depositions have been scheduled for November.  DE [120].  Considering the rulings contained herein, Plaintiff's motion is granted insofar as an updated deadline to complete discovery, including interim dates and deadlines (including the existing deadline to complete depositions), will be addressed at the October 21, 2025 conference.

## IV.   CONCLUSION

For the reasons set forth herein, Plaintiff's motion for conditional certification of a collective action is granted in part and denied in part as described above, in that certification is denied without prejudice, but that discovery relevant to the subject matter must be produced.  Plaintiff's motion for discovery related to a Fed. R. Civ. P. 23 class action is granted as described above.  The remaining discovery issues, including whether a Fed R. Civ. P. 30(b)(6) deposition is still necessary, whether disagreements regarding ESI issues remain, and the deadline to complete depositions will be addressed at a **status conference scheduled for October 21, 2025 at 10:45 a.m. in Courtroom 820 of the Central Islip courthouse**.  The September 30, 2025 deadline to complete discovery will be reset at this conference, but the parties are encouraged to proceed with the discovery contemplated by these rulings.  The Court anticipates further progress before then.  The parties are further instructed to submit a joint letter outlining any outstanding discovery issues for the Court to consider at this conference by October 17, 2025.

Dated:      Central Islip, New York      **SO ORDERED**
              September 17, 2025

                                   /s/ Steven I. Locke
                                   STEVEN I. LOCKE
                                   United States Magistrate Judge